UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDONA JOHNSON,

       Plaintiff

v.

FORD MOTOR COMPANY,

       Defendants.
_____/

Case No. 2:17-11412
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## ORDER GRANTING AS UNOPPOSED DEFENDANT FORD MOTOR COMPANY'S MOTION TO COMPEL (DE 15)

      This matter is before the Court for consideration of Defendant Ford Motor Company's motion to compel Plaintiff Randona Johnson to respond to Ford's First Interrogatories and Second Requests to Produce and for sanctions pursuant to Federal Rule of Civil Procedure 37(d). (DE 15.) E.D. Mich. LR 7.1(e)(2) provides that responses to nondispositive motions are due within fourteen days after service of the motion. The motion was electronically filed on February 20, 2018, but no response has been filed and the time for doing so under LR 7.1(e)(2) has expired.

      On March 13, 2018, attorneys Jeffrey Burg and Julia Turner Baumhart appeared for a telephonic status conference, which was placed on the record. Defendant Ford contends in its motion to compel that Plaintiff has wholly failed and/or refused to respond to its First Interrogatories and Second Requests to

1

Produce, and it seeks an order compelling Plaintiff to respond to the discovery requests and an order for sanctions. (DE 15.) Plaintiff's counsel represented at the status conference that Plaintiff has returned to Ford the company-issued laptop it requested, but that Plaintiff otherwise has not yet responded to the discovery requests. For the reasons stated on the record, consistent with my findings and reasoning stated on the record, all of which are incorporated by reference as though fully restated herein, Defendant's motion to compel (DE 15) is **GRANTED as unopposed** as follows:

1. Defendant shall provide to Plaintiff a word document or fillable .pdf document containing Defendant's First Interrogatories and Second Requests to Produce, so that Plaintiff does not have to re-type/recreate those requests, by the close of business on **March 13, 2018**;

2. Plaintiff shall serve written responses and produce responsive documents to Defendant's First Interrogatories (under oath) and Second Requests to Produce to Defendant by **Friday, March 23, 2018**; and

3. All of Plaintiff's objections to Defendant's First Interrogatories and Second Requests to Produce, with the exception of objections based on attorney-client privilege or the work product doctrine, are deemed waived for Plaintiff's failure to timely respond to Defendant's discovery requests. *See* Fed. R. Civ. P. 33(b)(4); *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to respond to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)). Plaintiff is reminded of her obligation to provide a privilege log describing any documents withheld as privileged or work product. Fed. R. Civ. P. 26(b)(5).

Finally, as stated on the record, Defendant is awarded its reasonable costs and attorney's fees associated with the preparation of this motion, pursuant to Fed. R. Civ. P. 37(a)(5), in the amount of $855 (3 hours at $285/hour), to be paid by Plaintiff's counsel to Defendant's counsel before the trial in this matter. The Court otherwise declines to impose the remaining sanctions requested by Defendant.

**IT IS SO ORDERED.**

Dated: March 14, 2018            s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on March 14, 2018, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti