UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDONA JOHNSON,

           Plaintiff                    Case No. 2:17-11412
                                                District Judge Paul D. Borman
v.                                        Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

           Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FORD MOTOR COMPANY'S SECOND RENEWED MOTION TO COMPEL (DE 31) AND AMENDING IN PART ORDER GRANTING AS UNOPPOSED DEFENDANT FORD MOTOR COMPANY'S MOTION TO COMPEL (DE 19)

       This matter is before the Court for consideration of Defendant Ford Motor Company's second renewed motion to compel Plaintiff Randona Johnson to respond to Ford's First Interrogatories and Second Requests to Produce and for sanctions pursuant to Federal Rule of Civil Procedure 37 (DE 31), Plaintiff's response in opposition (DE 34), Defendant's reply (DE 35), and the parties' joint list of resolved/unresolved issues (DE 36). On March 14, 2018, the Court entered an order granting as unopposed Defendant's first motion to compel, requiring responses and production of all responsive documents no later than March 23, 2018, and awarding $855 is attorney's fees and costs, to be paid by Plaintiff's

counsel to Defendant's counsel before the trial in this matter. (DE 19.) Plaintiff failed to comply with that Order, and Defendant filed a renewed motion to compel and for sanctions. (DE 23.) On June 28, 2018, the Court entered a Stipulated Order to resolve Defendant's renewed motion to compel and for sanctions, which stated that Plaintiff would provide discovery responses and produce documents by June 29, 2018. (DE 28.) Plaintiff failed to comply with that stipulated order, and Defendant filed the instant motion. (DE 31.)

On August 23, 2018, attorneys Jeffrey Burg and Julia Turner Baumhart appeared before me for a hearing. At the hearing, counsel for Defendant confirmed that Plaintiff has now responded to Defendant's discovery requests and has produced all documents sought. Defendant's counsel also confirmed that her client now has all the discovery that it needs in order to file a timely motion for summary judgment and to prepare for trial. Accordingly, that portion of Defendant's motion seeking to compel Plaintiff to respond to Defendant's First Interrogatories and Second Requests to Produce is **DENIED AS MOOT**.

Further, for the reasons stated on the record, and consistent with my findings and reasoning stated from the bench, all of which are incorporated by reference as though fully restated herein, that portion of Defendant's motion seeking costs, attorney's fees and sanctions pursuant to Federal Rule of Civil Procedure 37 (DE 31) is **GRANTED IN PART AND DENIED IN PART,** and the Court's March

14, 2018 Order granting as unopposed Defendant Ford Motor Company's motion

to compel (DE 19) in **AMENDED IN PART,** as follows:

1. Defendant is awarded its reasonable costs and attorney's fees associated
   with the preparation of the instant motion, pursuant to Fed. R. Civ. P.
   37(a)(5) and 37(b)(2)(C), in the amount of $855 (3 hours at $285/hour);

2. This award of costs and attorney's fees, **and** the March 14, 2018 award
   of costs and attorney's fees (also in the amount of $855) (DE 19), are to
   be paid in full by Plaintiff's counsel to Defendant's counsel **on or before
   the date of the final pretrial conference in this matter**.  **Plaintiff is
   cautioned that this matter will not proceed, and Plaintiff risks
   sanctions, up to and including dismissal, if these costs and attorney
   fees, in the total amount of $1,710.00, are not timely paid in full on or
   before the date of the final pretrial conference;**

3. However, the Court otherwise declines to impose the remaining sanctions
   requested by Defendant because Plaintiff's previous failures to comply
   with the Court's orders were not due to willful or contumacious conduct,
   and Defendant admits that it has not been unduly prejudiced by
   Plaintiff's previous failures to comply in that it now has the documents
   needed to file a dispositive motion and for trial.

Further, counsel for Plaintiff and Defendant are directed to read and abide by Fed. R. Civ. P. 1 and the Civility Principles posted on the Court's website. The Court further directs Plaintiff's counsel to be mindful of the requirements of the pertinent Michigan Rules of Professional Conduct (MRPC) and the comments thereto, which address the requirements that "[a] lawyer's workload should be controlled so that each matter can be handled adequately," (MRPC 1.3) and that a lawyer "shall withdraw from the representation of a client if… the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." (MRPC 1.16(a)(2)). Plaintiff's counsel is directed to seek co-counsel or to refer this case to another attorney if he is unable to effectively continue with the representation, cannot abide by the Court's orders, or is unable to try the case without assistance.

**IT IS SO ORDERED.**

Dated: August 23, 2018      s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 23, 2018, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti